```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

JOHN THOMAS SULLIVAN,                              CV. 09-1479-MA

             Petitioner,                           OPINION AND ORDER
      v.

J.E. THOMAS, Warden, FCI
Sheridan,

             Respondent.


ALISON L. CLARK
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

      Attorney for Petitioner

DWIGHT C. HOLTON
United States Attorney
District of Oregon
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

      Attorneys for Respondent



MARSH, Judge
```

1 -- OPINION AND ORDER

Petitioner, formerly an inmate at FCI Sheridan,[1] brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner alleges that he was denied due process in a disciplinary hearing which resulted in the loss of good conduct time. For the reasons set forth below, the petition is granted.

## BACKGROUND

### I.   Applicable Bureau of Prison Rules.

Bureau of Prison (BOP) "prohibited acts" and disciplinary sanctions are codified under 28 C.F.R. 541.13. There are four categories of prohibited acts. Level 100 offenses are the most serious and carry the harshest sanctions. Code Sections 111 though 113 proscribe the introduction, use, or possession of any narcotics, marijuana, drugs, or related paraphernalia *not prescribed for the individual by the medical staff*. Code Section 199 proscribes "[c]onduct which disrupts or interferes with the security or orderly running of the institution or the Bureau of Prisons." A Code 199 violation requires that the "[c]onduct must be of the Greatest Severity nature" and the charge "is to be used only when another charge of greatest severity is not applicable."

Level 300 offenses fall into the "moderate" severity of offenses. Code 302 prohibits the "[m]isuse of *authorized*

---

[1] At the time petitioner filed his habeas petition, he was confined at FCI Sheridan. Petitioner is currently confined at FCI Marianna. Respondent does not challenge this court's continuing jurisdiction. Respondent's Answer at n.2.

2 -- OPINION AND ORDER

*medication*, and Code 307 prohibits "[r]efusing to obey an order of any staff member."  A Code 307 charge "[m]ay be "categorized and charged in terms of greater severity, according to the nature of the order being disobeyed".

    II.   <u>**Factual Background**</u>.

Petitioner currently is serving a 60-month sentence following his conviction in 2007 for manufacturing marijuana.  While incarcerated at FCI Sheridan, medical staff prescribed petitioner Oxycodone.  On June 11, 2008, and July 16, 2008, petitioner reported to the morning pill line to receive his medication.  Petitioner was given his prescribed Oxycodone, and was observed putting the medication into his mouth.  However, when prison staff inspected petitioner's mouth to ensure the tablets were ingested, the Oxycodone tablets were found stuck on petitioner's gums under his upper lip.

Petitioner was cited on both occasions for violating BOP Code Section 199 (conduct which disrupts or interferes with the security or orderly running of a BOP facility - most like Code Section 111 "Introduction of any narcotics, Marijuana, drugs or related paraphernalia not prescribed for the individual by medical staff").  Habeas Petition, Exhs. 3 & 4; Declaration of Robert Ballash at 2 & Exh. 1.  As to the July incident, petitioner was also charged with refusing to obey a direct order (Code 307).  Habeas Petition, Exh. 5.

3 -- OPINION AND ORDER

Petitioner subsequently was transferred to the Special Housing Unit (SHU) "for misuse of controlled medication." Id., Exh. 4 at 2. On July 23, 2008, a registered nurse delivered Oxycodone to petitioner in his SHU cell, along with a cup of water for ingestion. On inspection, petitioner demonstrated that the pill was not in his mouth. However, after he refused to return the cup to staff, the pill was found in the bottom of the cup. Petitioner again was charged with violating Code 199, most like Code 111, and also with refusing to obey a direct order (Code 307). Habeas Petition, Exh. 6; Ballash Dec. at 2-3 & Exh. 2.

### III. Procedural History.

On July 17, 2008, a disciplinary hearing was held concerning the July 16, 2008, violation. The disciplinary hearings officer (DHO) concluded that petitioner violated Code 113A (possession of any narcotics, marijuana, drugs, or related paraphernalia *not prescribed for the individual by the medical staff*). Ballash Dec. at 3. The decision was upheld through the Administrative Remedy Process by the Regional Director in February, 2009, and the BOP's Central Office in May, 2009. Id.

However, Robert Ballash, Regional Discipline Hearing Administrator for the Western Region, declares that, in August 2009, he reconsidered the matter upon the request of "BOP legal staff", and reduced the offense to Code 302 (misuse of authorized medication), due to concerns that petitioner may not have had

4 -- OPINION AND ORDER

sufficient notice that his conduct could result in a 100-level charge. Id.[2]

On August 22, 2008, a disciplinary hearing was held concerning the July 23, 2008, violation. The DHO again concluded that petitioner violated Code 113 (possession of any narcotics *not prescribed for the individual by the medical staff*). Ballash Dec., Exh. 3 at 2. The DHO reasoned that petitioner's attempt "to hide his medication in his cup was an attempt to possess a drug in a manner which is not prescribed." Id., Exh. 3 at 4. Petitioner was sanctioned with the loss of 40 days of good conduct time, and 30 days of disciplinary segregation that was suspended pending 180 days of clear conduct. Id.

Petitioner appealed the DHO's decision to the Regional Office. Ballash Dec., Exh. 4. On February 25, 2009, the Regional Director denied the appeal, reasoning that petitioner's "act of attempting to conceal the medication, even though prescribed for [him], constitutes an attempt to possess narcotics in a manner not prescribed." Id., Exh. 5. Petitioner failed to *properly* appeal the decision to the BOP's Office of the General Counsel.

---

[2] The July 16, 2008, violation was the subject of a federal habeas corpus proceeding. Sullivan v. Thomas, 09-319-HU. The habeas proceeding was voluntarily dismissed when the BOP agreed to reduce the charge to misuse of medication and restore the good conduct time forfeited. See Motion to Voluntarily Dismiss (#18).

5 -- OPINION AND ORDER

## DISCUSSION

**I.   Exhaustion of Administrative Remedies.**

It is well settled that federal prisoners generally must exhaust their federal administrative remedies prior to filing a habeas corpus petition under 28 U.S.C. § 2241. <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986). However, exhaustion may be excused if the administrative remedies are inadequate, futile, or where pursuit of the administrative remedies would cause irreparable injury. <u>Laing v. Ashcroft</u>, 370 F.3d 994, 1000-01 (9th Cir. 2004); <u>Fraley v. U.S. Bureau of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993); <u>United Farm Workers of America, AFL-CIO v. Arizona Agr. Employ. Relations Bd.</u>, 669 F.2d 1249, 1253 (9th Cir. 1982).

In the instant proceeding, the record establishes that petitioner fully exhausted the administrative process as to the July 16th incident. Both the Regional Director and the BOP's General Counsel concluded that hoarding/misusing prescription drugs constitutes a violation of Code 113. It was not until petitioner filed a federal habeas corpus proceeding (<u>Sullivan v. Thomas</u>, 09-319-HU), that the charge was reduced. Based upon these facts, I conclude that the BOP had sufficiently predetermined the issue of the applicability of Code 113 to the misuse of prescription drugs as to render exhaustion of the July 23rd incident futile.

///

///

6 -- OPINION AND ORDER

**II. The Merits.**

Petitioner contends that his due process rights were violated because (1) "the BOP applied a plainly erroneous charge to [petitioner's] conduct in a manner inconsistent with its own regulations" in violation of minimal due process protections recognized in Superintendent v. Hill, 472 U.S. 445, 454 (1985); and (2) petitioner "was not notified of the precise charge he was facing before his Disciplinary Hearing" in violation of Wolff v. McDonnell, 418 U.S. 539 (1974).  Petitioner's Reply at 2; Petition at 3-5.  I agree with the former assertion.

Habeas corpus jurisdiction is available under 28 U.S.C. § 2241 for a prisoner's claim that he has been denied good conduct credits without due process of law.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989).  In Superintendent v. Hill, the Supreme Court held that the revocation of good time credits comports with the requirements of due process so long as the prison disciplinary hearing decision is supported by "some evidence" in the record. Hill, 472 U.S. at 447, 454-55; Bostic, 884 F.2d at 1269-70.  The Court explained the "some evidence" standard as follows:

> "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-56.

7 -- OPINION AND ORDER

In this case, there is *no evidence* that petitioner possessed non-prescribed medication as is required by the plain language of Code 113. On the contrary, it is undisputed that the Oxycodone petitioner failed to ingest was prescribed for him by medical staff. The DHO's conclusion that a petitioner's attempt to hide his *prescription* medication constitutes possession of a *non-prescribed* medication is arbitrary and has no basis in fact. Accordingly, the revocation of petitioner's good conduct time violates due process.

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is GRANTED. Respondent is ORDERED to expunge the disciplinary finding that petitioner violated Code 113 on July 23, 2008, and restore the 40 days of good conduct time that was revoked as a sanction.

IT IS SO ORDERED.

DATED this _31_ day of August, 2010.

```
                              _/s/  Malcolm F. Marsh_____
                              Malcolm F. Marsh
                              United States District Judge
```

8 -- OPINION AND ORDER